**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4259**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ELIO GARCIA GODINEZ, a/k/a Chiva, a/k/a Elio Godinez Garcia,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:19-cr-00403-MOC-DCK-1)

_____

Submitted:  February 21, 2023                    Decided:  March 27, 2023

_____

Before WYNN, THACKER, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Sandra Barrett, Hendersonville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elio Garcia Godinez appeals his convictions and 300-month sentence imposed following his guilty plea to conspiracy to traffic methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), 18 U.S.C. § 2.  On appeal, counsel for Godinez has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning (1) whether Godinez's guilty plea is valid; (2) whether Godinez's downward variant sentence is reasonable, and (3) whether the conditions of supervised release in Godinez's written judgment are consistent with the district court's pronouncement of these conditions at the sentencing hearing.  Godinez was notified of his right to file a pro se supplemental brief, but he has not done so.  The Government declined to file a responsive brief.  For the following reasons, we affirm.

Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b).  The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement.  Fed. R. Crim. P. 11(b)(2), (3).  In reviewing the adequacy of compliance with Rule 11, this court

2

"accord[s] deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Godinez did not move in the district court to withdraw his guilty plea, we review the validity of his guilty plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Godinez must establish that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's Rule 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). We have reviewed the Rule 11 colloquy and, discerning no plain error, we conclude that Godinez's guilty plea is valid.

We review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). However, because Godinez did not request a sentence lower than the one he received, we review his sentence for plain error. *See, e.g.*, *United States v. Lynn*, 592 F.3d 572, 580 (4th Cir. 2010). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence,

3

considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the chosen sentence." *Torres-Reyes*, 952 F.3d at 151 (internal quotation marks omitted). When imposing a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, and address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Having reviewed the record, we discern no procedural error. Moreover, Godinez was sentenced below the Guidelines range, and he fails to rebut the presumption of reasonableness afforded his below-Guidelines sentence. *Id*.

Finally, we review de novo whether the sentence imposed in the written judgment is consistent with the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 295-96 (4th Cir. 2020). "[B]ecause a defendant has a right to be present when he is sentenced, a district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). "Discretionary conditions that appear for the first time in a subsequent written judgment . . . are nullities; the defendant has not been sentenced to

4

those conditions, and a remand for resentencing is required." *Id.* (citing *Rogers*, 961 F.3d at 295, 300-01).

"[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Rogers*, 961 F.3d at 299. "[S]o long as the defendant is informed orally that a certain set of conditions will be imposed . . ., then a later-issued written judgment that details those conditions may be construed fairly as a 'clarification' of an otherwise 'vague' oral pronouncement." *Id.* "Express incorporation" is not only "a critical part of the defendant's right to be present at sentencing" but "also provides us, as a reviewing court, with the crucial objective indication that a district court has undertaken the necessary individualized assessment and made a considered determination, at the time of sentencing, that an identifiable set of discretionary conditions should be imposed on a defendant's supervised release." *Id.* at 300 (internal quotation marks omitted).  Having reviewed the record, we perceive no error in the district court's pronouncement of Godinez's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Godinez, in writing, of the right to petition the Supreme Court of the United States for further review.  If Godinez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

5

move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Godinez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*